UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS HARSH,<br><br>                Petitioner,<br>v.<br>JO GENTRY, *et al.*,<br><br>                Respondents. | Case No. 2:17-cv-02069-MMD-NJK<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and his motion (ECF No. 1-4) for appointment of counsel submitted with the petition.

Petitioner has paid the filing fee, and the pauper application therefore will be denied as moot.

On petitioner's motion for appointment of counsel, the financial exhibits (ECF No. 3) submitted establish petitioner's financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. The Court finds that appointment of counsel is in the interests of justice given the potential complexity of the legal issues presented, petitioner's lengthy sentence of ten to life as a habitual criminal, and the possibility that substantial time may remain in the federal limitation period under 28 U.S.C. § 2244(d), allowing federal habeas counsel the opportunity to investigate and pursue available claims potentially without relation back concerns. However, petitioner at all times remains responsible for properly calculating the running of the limitation period and timely presenting claims.

It is therefore ordered that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is denied as moot.

It is further ordered that, the filing fee having been paid, the Clerk of Court will file the petition and papers accompanying the pauper application, including the motion for appointment of counsel; that the motion for appointment of counsel is granted; and that the Clerk shall reflect the grant of the motion when docketing the motion. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender shall be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further is ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

///

1    The Clerk accordingly will send a copy of this order to the *pro se* petitioner, the
2    Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this
3    division.
4    The Clerk further will provide copies of all prior filings herein to both the Attorney
5    General and the Federal Public Defender in a manner consistent with the Clerk's current
6    practice, such as regeneration of notices of electronic filing.
7    DATED THIS 4th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE