UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THOMAS HARSH,

Petitioner,

v.

JO GENTRY, *et al.*,

Respondents.

Case No. 2:17-cv-02069-MMD-NJK

ORDER

**I.  SUMMARY**

This counseled habeas petition comes before the Court on Respondents' motion to dismiss ("Motion") (ECF No. 31). Petitioner Thomas Harsh ("Petitioner" or "Harsh") has opposed (ECF Nos. 35, 36), and Respondents have replied (ECF No. 43). For the reasons stated below, the Court will grant the Motion in part and deny it in part.

**II.  BACKGROUND**

**A.  Procedural History**

Petitioner challenges his 2011 state court conviction, pursuant to a jury trial, of possession of a stolen vehicle and possession of burglary tools. (ECF No. 22 at 1; ECF No. 11-7.) Petitioner was adjudicated a habitual offender and sentenced on the stolen vehicle charge to life in prison with the possibility of parole after ten years. (ECF No. 11-7.) On direct appeal (ECF No. 11-9), the Nevada Supreme Court affirmed (ECF No. 11-15).

Petitioner thereafter filed a motion for new trial, which the trial court denied. (ECF Nos. 11-18, 12-5.) Petitioner appealed (ECF No. 12-8), and the Nevada Supreme Court affirmed. (ECF No. 12-11.)

Petitioner also filed a state court petition for habeas corpus relief, which was supplemented by appointed counsel. (ECF Nos. 12-4 & 12-13, 13-1). The trial court denied

relief. (ECF No. 13-2.) Petitioner appealed (ECF No. 13-3), and the Nevada Supreme Court affirmed (ECF No. 13-8).

Petitioner thereafter filed the instant federal habeas petition. Respondents move to dismiss the petition as partially unexhausted and/or procedurally defaulted.

### B. Factual Background

In July 2010, Petitioner was pulled over driving a vehicle that had been reported stolen. (ECF No. 23-3 (Ex. 44 (Tr. 5-9)).) When Petitioner was questioned about why he was driving a stolen car, he told the officer that a "guy" let him borrow it, although he was unable to identify the "guy" by name. (*Id.* at 11.) When police inventoried the vehicle, they found a screwdriver, several shaved keys of different vehicle makes, and a leatherman tool. (*Id.* at 11–18.)

Marissa Sobrejuanite testified at trial that the stolen vehicle belonged to her, having been given to her by her ex-boyfriend, Pedro Co, several months prior. Despite owning the vehicle, Sobrejuanite had not, at the time of the theft, titled or registered the car in her name, and it was not until October 2010 that she did so. When asked why she waited to title the car in her name, Marissa stated: "Because I have a file a bankruptcy and my attorney said I cannot put it in my name yet until the bankruptcy is done." (ECF No. 11-2 (Ex. 2 (Tr. 202-04)).)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with

both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**IV. DISCUSSION**

Respondents argue that the following grounds have not been exhausted: (1) Ground 2; (2) Ground 4; (3) Ground 5; (4) Ground 6-2; (5) Ground 6-3; and (6) Grounds 6-8 through 6-13. The Court will discuss each in turn.

**A. Ground 2**

In Ground 2, Petitioner asserts that he was denied his Fourteenth Amendment right to due process when he was adjudicated a habitual criminal. Specifically, Petitioner asserts that NRS § 207.010 creates a liberty interest in the sentencing procedures contained therein and that by considering and relying on an unproven allegation in the PSI—that a credit card scanner was found in the vehicle when Petitioner was arrested—the district court violated the required procedures under § 207.010 and thus deprived Petitioner of his due process rights. (ECF No. 22 at 15-17.)

On direct appeal, Petitioner presented two claims attacking the habitual criminal adjudication: (1) he argued that it was cruel and unusual punishment in violation of the Eighth Amendment (ECF No. 11-9 at 5-9), and (2) he argued that the district court abused its discretion in sentencing him as a habitual criminal (*id.* at 9-11).[1] Although the first of these was a federal claim, the substance of that claim was far different from the substance of Ground 2. Thus, the Eighth Amendment claim in state court did not exhaust Ground 2. While Petitioner did complain in state court, as he does here, that the trial court improperly relied on the unproven assertion regarding the credit card scanner, that claim was raised as an abuse of discretion claim, and Petitioner never asserted that § 207.010 created a

---

[1]Citations are to original page of document.

liberty interest the deprivation of which violated his federal due process rights. Nor did he cite any cases, state or federal, suggesting any such claim. Thus the "abuse of discretion" claim similarly failed to exhaust Ground 2.

Despite this, Petitioner argues that a claim can be exhausted if the substance of the claim was presented to the state courts under a different legal theory. He also argues that a federal claim can be exhausted by a state claim if the state claim is resolved by applying a standard virtually identical to the standard for evaluating the federal claim. Petitioner argues that the substance of Ground 2 was presented to the state courts through the abuse of discretion claim, that raising it now as a due process claim is nothing more than a label change, and that Nevada's "abuse of discretion" standard is virtually identical to the federal due process standard. Petitioner relies on several cases in support of his argument, only one of which is controlling: *Sanders v. Ryder*, 342 F.3d 991 (9th Cir. 2003).[2]

In *Sanders*, the Ninth Circuit held that a *pro se* petitioner had exhausted a federal ineffective assistance of counsel claim even though, in his brief to the state supreme court, he referred only to "ineffective assistance of counsel" without specifying that he was invoking the federal constitutional right. The Ninth Circuit noted that the petitioner in state court was proceeding in *pro se*, which meant his pleadings were entitled to more leniency. It then pointed out that, although the federal constitution was not invoked in the petitioner's initial filing with the state supreme court, it was raised in his reply and in his filings with the lower appellate court. Further, the claim at issue was ineffective assistance of counsel, the state courts applied the federal *Strickland* standard to their state law ineffective assistance of counsel claims, and the state courts frequently discussed and resolved ineffective assistance of counsel claims without specifying whether they were addressing the state or federal claim. *Id.* at 999–1001.

---

[2]The Court is not persuaded by the out-of-circuit authorities Petitioner cites, as applied in this case.

*Sanders* is distinguishable in several material respects from this case, the first and foremost of which is the fact that Petitioner here was represented by counsel in his state proceedings. Second, the petitioner in *Sanders* had given indication in some of his papers that he was raising a federal claim, while there is no indication here that Petitioner did the same. Finally, the Ninth Circuit noted that the Supreme Court has not decided whether "a prisoner may exhaust a federal constitutional claim by referring to a state constitutional right when the contours of the federal and state constitutional rights are identical," *id.* at 1000, but even assuming exhaustion can be accomplished this way, Petitioner's claim was not a constitutional claim, and even if it were, he has not shown that the standard applied to resolve it was "identical" to the federal due process right.

At the end of the day, a federal claim is fairly presented only if the petitioner "alerted the state court that his claims rested on the federal Constitution." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005). "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *Id.* "Citation of irrelevant federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id.* at 1021–22. "Neither is the exhaustion requirement satisfied by the mere circumstance that the 'due process ramifications' of an argument might be 'self-evident.'" *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). Here, there was simply no indication directly or indirectly that Petitioner was raising a federal constitutional claim. The Court cannot conclude, therefore, that Ground 2 has been exhausted.

**B.    Ground 4**

In Ground 4, Petitioner asserts: "There was insufficient evidence at trial to convict [petitioner] under NRS § 205.273 for possession of a stolen vehicle, and his conviction thus violated his right to due process under the Fourteenth Amendment." (ECF No. 22 at 19). Petitioner argues both that there was no evidence the vehicle was stolen and that there was no evidence Petitioner knew or should have known that it was stolen. (*Id.* at 20.)

On the first point, Petitioner asserts that the state failed to prove that Petitioner did not have permission to use the vehicle. Specifically, Petitioner asserts that he told officers that he had permission from a "guy" to use the car, the "guy" could have been Sobrejuanite's ex-boyfriend, Pedro Co, who was the registered owner of the vehicle at the time of the theft, and that by failing to call Co the state had failed to establish that Petitioner did not have permission to use the car. (*Id.* at 19–22.)

Respondents argue that Ground 4 is unexhausted to the extent it challenges the evidence on whether the vehicle was actually stolen. They assert that Petitioner presented the state's highest court only with the argument regarding Petitioner's knowledge. Petitioner argues that regardless of what Petitioner presented, the Nevada Supreme Court actually decided both aspects of his claim on his direct appeal. (ECF No. 11-15 at 1–2.) It held:

> First, appellant Thomas Harsh contends that insufficient evidence supports his conviction for possession of a stolen vehicle because there was no damage to the vehicle, the insurer and registrant of the vehicle did not testify, and the State did not demonstrate that he knew or should have known that the vehicle was stolen. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Here, the jury heard testimony that the victim reported the theft of her Toyota to the police. The police verified the victim's ownership of the Toyota-her former boyfriend had given her the Toyota and signed the motor vehicle title over to her. The police subsequently spotted and stopped the Toyota, discovered that Harsh was the driver, and found a shaved Hyundai key in the ignition switch. The police also found other shaved keys, a flathead screwdriver, and a Leatherman multi-tool in the Toyota. Harsh told the police that the car was not his and that he "borrowed it from a guy," but he was unable to provide the guy's name or contact information. We conclude that a rational juror could reasonably infer from this evidence that Harsh committed the offense of possession of a stolen vehicle. See NRS 205.273(1)(b). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. See Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); see also Buchanan v. State, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003) (circumstantial evidence alone may sustain a conviction).

(*Id.*)

The Court agrees with Petitioner that the Nevada Supreme Court actually decided the issue of whether there was sufficient evidence that the car was stolen. This is evident

from the discussion of the evidence that the victim reported the theft of her vehicle and that she actually owned the vehicle, as these are facts that do not bear on Petitioner's knowledge of whether the vehicle was actually stolen. While it is true that not all the arguments advanced here were included in Petitioner's direct appeal, he did assert, when arguing the sufficiency of the evidence, that Co never testified, and later argued that the state should have been required to call Co to testify as to the ownership of the vehicle. (ECF No. 11-9 at 14, 17–18.) Further, all the facts relevant to Petitioner's sufficiency of the evidence argument were part of the trial transcript and necessarily considered by the Nevada Supreme Court in deciding there was sufficient evidence that the car was stolen. The Court therefore concludes that Ground 4 is exhausted in its entirety.

### C. Ground 5

In Ground 5, Petitioner asserts that his rights to due process, fair trial, and against double jeopardy were violated when the district court failed to give a lesser-included-offense instruction. (ECF No. 22 at 22–26.) Respondents argue that Petitioner never presented this as a federal constitutional claim in the state courts.

In state court, Petitioner asserted only that the trial court erred in failing to give a lesser-included instruction. However, in making this claim, Petitioner relied on *Barton v. State*, 30 P.3d 1103 (2001), which discussed United States Supreme Court law both defining a lesser-included offense and relating to the federal due process implications of failing to give lesser-included offense instructions. *Id.* at 1107–08. While the central holding of *Barton*, and the explicit reason for its citation by Petitioner, regarded the definition of lesser-included offenses, a critical part of the court's analysis in *Barton* involved the federal constitutional ramifications of failing to give lesser-included instructions. Given *Barton*'s extensive discussion of the federal constitutional issues that Petitioner raises here, the Court concludes that Ground 5 was sufficiently exhausted.

### D. Ground 6-2

In Ground 6-2, Petitioner alleges that trial counsel was ineffective for failing to call attorney Christine Owen — Sobrejuanite's bankruptcy attorney — to testify that she would

7

never advise clients to hide assets, thus proving that Sobrejuanite committed perjury when she testified that she had not included the vehicle on her bankruptcy petition on advice of counsel. (ECF No. 22 at 28–29.) Petitioner persuasively argues that this claim was presented in his brief filed with the Nevada Supreme Court. (ECF No. 13-3 at 31–32). In state court, as here, Petitioner argued that Owen should have been called to testify that she would never advise her clients to hide assets, which would have shown Sobrejuanite committed perjury when she testified that she did not include the vehicle in her bankruptcy petition on advice of counsel. Ground 6-2 is therefore exhausted.

### E. Ground 6-3

In Ground 6-3, Petitioner asserts that trial counsel was ineffective for failing to establish the victim's perjury through Owen's testimony "and then moving for a mistrial or new trial as a matter of Fifth and Fourteenth Amendment Due Process." (ECF No. 22 at 29.) Petitioner did not present this theory to the state's highest courts. Ground 6-3 is therefore unexhausted.

### F. Grounds 6-8 through 6-13

Petitioner concedes that these claims have not been presented to the state's highest courts but nonetheless argues the Court should apply the doctrine of anticipatory procedural default and allow them to proceed.

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). While it is clear that Petitioner would face several procedural bars if he were to return to state court, *see, e.g.*, NRS §§ 34.726 & 34.810, Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the

petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Supreme Court of Nevada does not recognize *Martinez* cause as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Petitioner advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. The Court thus reads Petitioner's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be *Martinez*, and grants Petitioner's request to consider said claims technically exhausted on that basis.

Respondents argue that Petitioner's ineffective assistance of trial counsel claims should nevertheless be dismissed because they are not *substantial* claims of ineffective assistance of trial counsel and/or Petitioner has not established and cannot establish that his post-conviction counsel was ineffective for failing to raise them.

///

As these questions are inextricably intertwined the merits of the claims themselves, the Court will defer a determination on both questions until the time of merits determination. Accordingly, the motion to dismiss Grounds 6-3 and 6-8 through 6-12 as procedurally defaulted is denied without prejudice. Respondents may renew the procedural default argument as to these claims in their answer.

### G. Options on a Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

### V. CONCLUSION

In accordance with the foregoing, it is therefore ordered that Respondents' motion to dismiss (ECF No. 31) is granted in part and denied in part as follows:

1. Grounds 4, 5 and 6-2 are exhausted in their entirety;

2. Grounds 2 is unexhausted;

3. Grounds 6-3 and 6-8 through 6-12 are technically exhausted, but procedurally defaulted. The Court defers its cause and prejudice analysis until the time of merits review, and Respondents may re-assert the procedural default arguments with respect to these claims in their answer.

It is further ordered that, within 30 days of the date of this order, Petitioner must either: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claim

(Ground 2); (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claim (Ground 2); and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. Failure to timely comply with this order will result in the dismissal of this mixed petition without further advanced notice.

DATED THIS 26th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE