UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THOMAS HARSH,

        Petitioner,

v.

JO GENTRY, *et al.*,

        Respondents.

Case No. 2:17-cv-02069-MMD-NJK

ORDER

This habeas matter is before the Court on Petitioner's unopposed first motion for extension of time (ECF No. 64). Petitioner seeks a 60-day extension of time to file and serve a reply in support of the Second Amended Petition for Writ of Habeas Corpus (ECF No. 22).

Habeas actions are civil actions under federal practice and are subject to the reporting requirements of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*[1] The CJRA sets a three-year goal for resolution of each civil case on the merits, *id.* § 476(a)(3), and encourages "setting, at the earliest practicable time, deadlines for filing motions and a time framework for their disposition," *id.* § 473(a). Although the procedural and legal complexity of some habeas actions may impede the three-year objective, the Court attempts to posture each case for a merits decision within three years of filing.

Petitioner commenced this action in July 2017. (ECF No. 1.) To date, both parties have received numerous extensions of time to amend the pleadings and complete briefing.

---

[1]The CJRA provides that each United States District Court must develop a civil justice expense and delay reduction plan to facilitate the deliberate adjudication of civil cases on the merits, monitor and improve litigation management, and reduce cost and delay. *See also* Fed. R. Civ. P. 1 (noting that the rules should be implemented to "secure the just, speedy, and inexpensive determination" of each case). The CJRA mandates the early and on-going judicial management of case progress. 28 U.S.C. § 473(a). Additionally, each judge is required to report "the number and names of cases that have not been terminated within three years after filing" on a semi-annual basis. *See* 28 U.S.C. § 476(a)(3).

1  (ECF Nos. 19, 21, 26, 28, 30, 38, 40, 42, 49, 52, 56, 59.) Petitioner's current motion asserts that an additional 60 days is necessary to prepare a reply because this case is relatively complex. Counsel recently joined the Federal Public Defender for the District of Nevada, and she has deadlines in several other cases in the next two months.

Given the age of this case, the Court previously directed "counsel for both parties to prioritize the briefing in this case over later-filed matters."[2] (ECF No. 56 ("**Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence**.") (emphasis in original).) This instruction and warning remain in effect.

It is therefore ordered that Petitioner's unopposed first motion for extension of time (ECF No. 64) is granted. Petitioner has until February 25, 2020, to reply to Respondents' Answer to the Second Amended Petition.

DATED THIS 31st day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that Petitioner's counsel appeared in this case on September 27, 2019 (ECF No. 53), and the Order directing prioritization of this case was entered days later on October 3, 2019 (ECF No. 56).