UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS HARSH,<br><br>                Petitioner,<br>    v.<br>JO GENTRY, *et al.*,<br><br>                Respondents. | Case No. 2:17-cv-02069-MMD-NJK<br><br>ORDER |

    On July 29, 2021, the Court granted Petitioner Thomas Harsh's petition for writ of habeas corpus under 28 U.S.C. § 2254 as to Ground 3 and ordered Harsh to be released from parole for his possession of a stolen vehicle conviction. (ECF No. 70.) Respondents seek reconsideration of the Court's order granting habeas relief. (ECF No. 72.)[1]

    In Ground 3 of his petition, Harsh alleged that his federal constitutional rights were violated because the state district court did not allow his trial counsel to withdraw based upon an irreconcilable conflict she had with Harsh. (ECF No. 22 at 17.) The Ninth Circuit previously established a three-part test to determine whether an attorney-client conflict rises to the level of being irreconcilable. *See United States v. Moore*, 159 F.3d 1154, 1158-59 (1998). That test considers "(1) the extent of the conflict; (2) the adequacy of the inquiry [by the state district court]; and (3) the timeliness of the motion." *Id.* This Court considered these three factors and determined that, based on "the complete breakdown in Harsh's relationship with his trial counsel and the state district court's insufficient inquiry into the conflict," Harsh's relationship with his trial counsel "fell short of that required by the Sixth Amendment." (ECF No. 70 at 10-12 (citing *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000)).) Accordingly, this Court concluded that Harsh was

---

[1]Harsh filed a response and Respondents filed a reply. (ECF Nos. 73, 74.)

entitled to habeas corpus relief "because the Nevada Supreme Court's determination that Harsh failed to demonstrate that the district court erred was objectively unreasonable, 28 U.S.C. § 2254(d)." (*Id.* at 12.) Respondents seek reconsideration of this conclusion based on the Ninth Circuit's decision in *Carter v. Davis*, 946 F.3d 489 (2019).[2] (ECF No. 72 at 2.)

In *Carter*, the Ninth Circuit explained it had previously "stated that 'to compel one charged with [a] grievous crime to undergo a trial with the assistance of an attorney with whom he has become embroiled in irreconcilable conflict is to deprive him of the effective assistance of any counsel whatsoever.'" 946 F.3d at 507 (citing *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970)). After determining that "the conclusion that an irreconcilable conflict did not exist based on the disagreement between Carter and [his counsel] was reasonable," the Ninth Circuit then determined that "[e]ven if Carter were successfully able to demonstrate a complete breakdown in communication or prove that an irreconcilable conflict existed under the *Moore* factors, Carter's irreconcilable-conflict claim would still fail. This is because the Supreme Court has never endorsed this line of precedent from our court." *Id.* at 507-08. The Ninth Circuit elaborated that the Supreme Court "has never held that an irreconcilable conflict with one's attorney constitutes a per se denial of the right to effective counsel. This proves fatal to Carter's claim because AEDPA conditions habeas relief on a determination that the state-court decision unreasonably applied 'clearly established Federal law' as pronounced by the U.S. Supreme Court." *Id.* at 508 (citing 28 U.S.C. § 2254(d)(1)).

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This Court finds that the Ninth Circuit's decision in *Carter*, which forecloses the

---

[2] Respondents argue that they could not have previously presented *Carter* for this Court's consideration because it was decided after their answer was filed. (ECF No. 72 at 2.) However, this is untrue. Respondents could have moved for leave to advise the Court of relevant new authority.

granting of relief on Ground 3 of Harsh's petition, entitles Respondents to relief from the judgment previously entered on July 29, 2021. (ECF No. 71.) An amended order on Harsh's petition will follow.

It is therefore ordered that Respondents' motion for reconsideration (ECF No. 72) is granted.

It is further ordered that the Court's order granting habeas corpus relief to Harsh (ECF No. 70), and the corresponding judgment (ECF No. 71) are vacated.

DATED THIS 23rd Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE